IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. |
| v. | § § | |
| TIMMERS CHEVROLET, INC., d/b/a MONUMENT CHEVROLET, | § § § | |
| Defendant. | § § | JURY DEMANDED |
| | § | |

## COMPLAINT

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices based on disability and to afford appropriate relief to Allen Collins ("Collins") who was subjected to discriminatory treatment based on his disability. In this lawsuit, Plaintiff, the United States Equal Employment Opportunity Commission ("Commission"), alleges that the Defendant, Timmers Chevrolet, Inc., d/b/a/ Monument Chevrolet ("Monument Chevrolet"), unlawfully terminated Collins because of his disability.

### JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil

Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.

3.      Venue is proper within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.

<u>PARTIES</u>

4.      Plaintiff, the United States Equal Employment Opportunity Commission ("EEOC" or "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA, and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

5.      Defendant Timmers Chevrolet, Inc., d/b/a Monument Chevrolet ("Monument Chevrolet" or "Defendant") is a Texas corporation with its corporate headquarters in Pasadena, Texas.  It may be served with process by serving its registered agent, W. Carroll Smith, 3940 Pasadena Freeway, Pasadena, Texas 77503.  At all relevant times, Monument Chevrolet has continuously been doing business in the State of Texas and the City of Pasadena and has continuously had at least fifteen employees.

6.      At all relevant times, Defendant Monument Chevrolet has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which

-2-

incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

7.    At all relevant times, Defendant Monument Chevrolet has continuously been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

STATEMENT OF CLAIMS

8.    More than thirty days prior to the institution of this lawsuit, Allen Collins filed a charge with the Commission alleging violations of Title I of the ADA by Defendant Monument Chevrolet.  All conditions precedent to the institution of this lawsuit have been fulfilled, including the timely filing of a charge of employment discrimination and an attempt to conciliate the charge.

9.    Since at least February 2004, Defendant Monument Chevrolet has engaged in unlawful employment practices at its automobile dealership located at 3940 Pasadena Freeway, Pasadena, Texas, in violation of Section 102 of Title I of the ADA, 42 U.S.C. § 12112(a).

10.    Collins' treating physician diagnosed Collins with diabetes more than five years ago.

11.    In December 2003, Collins began working for Monument Chevrolet as an automobile salesman.

12.    In February 2004, Monument Chevrolet hired Michael Henderson ("Henderson") as a manager.

13.    At all times relevant to this lawsuit, Collins was supervised by individuals who reported directly to Henderson.

14.    On February 27, 2004, Collins attended a meeting at work.

15.    During that meeting, Collins experienced a precipitous drop in his blood sugar level brought upon by his diabetes.  As a result, he had to leave the meeting to attend to his health.

Because he was experiencing difficulty walking at the time, co-workers escorted him from the room where the meeting was occurring.

16.    Because of Collins' departure from the meeting room necessitated by his diabetes, Henderson ordered a subordinate to terminate Collins' employment.

17.    On or about February 28, 2004, Monument Chevrolet terminated Collins.

18.    When it terminated Collins, Monument Chevrolet stated that the reason for his termination was his alleged unsatisfactory performance.

19.    Collins was at all times relevant hereto an experienced and productive automobile sales person.

20.    Up to the date of his termination, Collins' performance at Monument Chevrolet was fully satisfactory.

21.    At the time of his termination, other sales people employed by Monument Chevrolet were less productive than Collins.  However, those other sales people, who were not disabled, were not terminated.

22.    While employed at Monument Chevrolet, Collins was not a danger to himself or others, nor did his absence from the above-noted meeting cause any undue hardship on Monument Chevrolet.

23.    Monument Chevrolet discriminated against Collins by terminating him because of his disability in violation of Section 102 of Title I of the ADA, 42 U.S.C. § 12112(a).

24.    The effect of the unlawful employment practices complained of above has been to deprive Collins of equal employment opportunities and otherwise adversely affected his status as an employee because of his disability.

25.     Monument Chevrolet committed the unlawful employment practices complained of above intentionally.

26.     Monument Chevrolet committed the unlawful employment practices complained of above with malice and/or in reckless disregard of Collin's federally protected rights in violation of Title I of the ADA , 42 U.S.C. § 12112 *et seq.*

## **PRAYER**

Wherefore, the Commission respectfully requests that this Court:

1.     Grant a permanent injunction enjoining Defendant Monument Chevrolet, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in employment practices which discriminate on the basis of disability.

2.     Order Defendant Monument Chevrolet to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

3.     Order Defendant Monument Chevrolet to make Allen Collins whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and order other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to instatement of Allen Collins or, if instatement is impractical, an award of front pay in an amount to be proved at trial.

4.     Order Defendant Monument Chevrolet to make whole Allen Collins by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in the preceding paragraphs.

5.     Order Defendant Monument Chevrolet to make whole Allen Collins by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described in the preceding paragraphs, including emotional pain, inconvenience, and humiliation, in amounts to be determined at trial.

6.     Order Defendant Monument Chevrolet to pay Allen Collins punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

7.     Grant such further relief as the Court deems necessary and proper in the public interest.

8.     Award the Commission its costs of this action.

## JURY DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

ERIC S. DREIBAND
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
1801 L Street, N.W.
Washington, D.C. 20507-0001


s/_____
JAMES SACHER
Regional Attorney
Texas Bar No. 17503300
Federal Bar No. 13536

Timothy M. Bowne
Texas Bar No. 00793371
Federal Bar No. 20023
Attorney-in-Charge

EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION
Houston District Office
1919 Smith Street, 7th Floor
Houston, Texas 77002
Telephone: (713) 209-3395
Facsimile: (713) 209-3402
Email: timothy.bowne@eeoc.gov

ATTORNEYS FOR PLAINTIFF